UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
TAMARA WAREKA p/k/a
TAMARA WILLIAMS,

                                       **REPORT AND**
                                       **RECOMMENDATION**
                 Plaintiff,        CV 23-4671 (NJC)(AYS)

       -against-

ARTISAN L'UXE, LLC; SUSAN
DEVITT, individually; and DOES
1-10, inclusive,

                 Defendants.
---------------------------------------------------X
**SHIELDS, Magistrate Judge,**

    Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams" or "Plaintiff") commenced this action against Artisan L'uxe, LLC ("Artisan") and Susan Devitt ("Devitt") (collectively "Defendants") asserting claims for copyright infringement in violation of the Copyright Act of the United States, 17 U.S.C. § 101 et seq.

    Presently before this Court, upon referral by the District Court for Report and Recommendation, (see Electronic Order dated 09/12/2023), is Defendant Devitt's motion to dismiss the Complaint pursuant to Rule 12(b)(2), (3), (5), and (6) of the Federal Rules of Civil Procedure. (See Docket Entry ("DE") [12].) As discussed below, this Court respectfully recommends that Devitt's motion to dismiss be denied without prejudice and with leave to renew after the completion of limited jurisdictional discovery. Additionally, this Court recommends that the limited jurisdictional discovery be completed in thirty (30) days from the date of the District Court's final determination of the instant Report and Recommendation. This Court further recommends that Artisan L'uxe, LLC, be granted thirty (30) days from the date of the

1

District Court's final determination on the instant Report and Recommendation, to obtain counsel. Finally, this Court recommends that should Artisan L'uxe, LLC, fail to obtain counsel in the allotted time, that Plaintiff may then be granted leave to proceed with a default judgment against Artisan, in accord with the District Judge's individual rules.

## BACKGROUND

I. <u>Documents Considered</u>

As is required in the context of this motion to dismiss, the factual allegations in the Complaint, though disputed by Defendant, are accepted to be true for purposes of this motion, and all reasonable inferences are drawn therefrom in favor of the Plaintiff.

While facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters outside of the pleadings under certain circumstances. Specifically, in the context of a Rule 12(b)(6) motion, a court may consider: (1) documents attached to the Complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effects of which the Complaint "relies heavily" and which are, thus, rendered "integral" to the Complaint." <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152-153 (2d Cir. 2002); <u>see</u> <u>Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co.</u>, 62 F.3d 69, 72 (2d Cir. 1995). Moreover. "[a] court may take judicial notice of documents filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." <u>Glob. Network Commc'ns, Inc. v. City of New York</u>, 458 F.3d 150, 157 (2d Cir. 2006) (quoting <u>Int'l Star Class Yacht Racing Ass'n Tommy Hilfiger U.S.A., Inc.</u>, 146 F.3d 66, 70 (2d Cir. 1998)).

2

The Court turns now to discuss the facts set forth in Plaintiff's Complaint, construed in her favor.

II. Facts

    A. Background

        1. Plaintiff

Plaintiff is freelance photographer specializing in beauty and fashion photography. (Compl. ¶ 10, DE [1].) Williams licenses her work for a fee. (Id. ¶ 11.) Plaintiff's work has been featured in top publications and used commercially. (Id.) Plaintiff is the sole author and exclusive rights holder to seven photographs of female models: two photographs of model Nicole Williams ("Nicole Photo 1" and "Nicole Photo 2'); one photographs of model Olivia Brower ("Olivia Photo"); one photograph of model Juliana Herz ("Juliana Photo"); one photograph of model Annie Ericson ("Annie Photo"); one photograph of Maxine Wood ("Maxine Photo"); and one photograph of model Belle Johnson ("Belle Photo") (collectively the "Photos"). (Id. ¶ 13.) All of the Photos are registered with the United States Copyright Office with effective dates of registration ranging from August 2, 2018 – February 5, 2020. (Id. ¶ 15.)

        2. Defendants

Defendant Artisan is a limited liability company organized and existing under the laws of New York State with a principal place of business at 50 Hill Street, Suite 300, Southampton, New York, 11968. (Compl. ¶ 3.) Artisan offers results-oriented skin care and makeup products made with advanced-technology, high-potency formulas and unique, powerful anti-aging ingredients that have sold internationally in retailers such as Bloomingdales, Macy's and QVC. (Id. ¶ 16.)

Artisan is the owner and operator of the website https://artisanluxebeauty.com/ ("Artisan Website"). (Compl. ¶ 17.) Artisan also maintains an Instagram page at https://www.instagram.com/artisanluxebeauty/ under the handle @artisanluxebeauty ("Artisan Instagram Page), (id. ¶ 18), as well a Facebook page at https://www.facebook.com/ArtisanLB ("Artisan Facebook Page"). (Id. ¶ 20.)

Defendant Devitt allegedly resides in New York, (Compl. ¶ 4), and is the founder and principal officer, owner, or member of Artisan and had a direct financial interest in the content and activities of Artisan digital platforms. (Id. ¶ 25.)

Plaintiff alleges that Artisan generates content on the various digital platforms to attract user traffic, market and promote its goods, and increase its customer base and revenue for the company. (Id. ¶ 22.) Plaintiff further alleges that all of Artisan's digital platforms were readily accessible to the general public. (Id. ¶ 23.) Defendants had the ability to supervise and control all content on Artisan's digital platforms. (Id. ¶ 26.)

### 3. The Alleged Infringing Conduct

On or about November 1, 2020, Plaintiff discovered the Photos being used by Artisan on the Artisan Instagram Page and Artisan Facebook Page. (Compl. ¶ 28.) The various Photos were used by Artisan on the digital platforms to promote Artisan's products and their prices. (Id. ¶ 29.) The Nicole Photo 1 was used in a post promoting Artisan's One Drop Wonder Facial Oil; Dynamic Uplifting Eye Concentrate; and Dynamic Cell Recovery Serum. (Id. ¶ 29.) The Nicole Photo 2 was used on the Artisan Facebook page on a post to showcase the "brown-eyed beauty" model's complexion and serve as "skin inspiration" and included the hashtag "#ArtisanLuxeBeauty" as a link to access the Artisan website. (Id. ¶ 31.) The Olivia Photo was used on the Artisan Facebook Page in a post stating "One of my favorite photographers. Great

4

shot! Beautiful smile" and included the hashtag "#TamaraWilliams". (Id. ¶ 33.) The Juliana Photo was used on the Artisan Instagram Page in a post promoting Artisan's velvet eyeliner pencil. (Id. ¶ 35.) The Annie Photo was used on the Artisan Instagram Page in a post promoting organic beauty. (Id. ¶ 37.) The Annie Photo was also used on the Artisan Facebook Page without any caption. (Id.) The Maxine Photo was used on the Artisan Instagram Page in a collage with three other photos, including a photo of Artisan's velvet eyeliner pencil. (Id. ¶ 39.) Finally, the Belle Photo was used on the Artisan Facebook Page in a post with the location tagged as "in Hollywood." (Id. ¶ 41.)

Plaintiff believes that the Photos were used on the various digital platforms to provide high-quality and aesthetically pleasing content on the sites. (Compl. ¶ 43.) Plaintiff further believes that Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Photos and caused them to be uploaded to and displayed and distributed on Artisan's digital platforms. (Id. ¶ 44.) Additionally, Plaintiff believes that Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) used, displayed, published, and otherwise held out to the public Plaintiff's original and unique Photos un order to acquire a direct financial benefit, through revenue from the sales of Artisan's products, from the use of the Photos. (Id. ¶ 45.)

Plaintiff does not have a record of the Photos being licensed to Defendants nor did Plaintiff provide Defendants with consent or authorization to make copies, publicly display, distribute, or otherwise use the photos on Defendants' digital platforms. (Compl. ¶ 46.)

B.   Procedural History

Plaintiff commenced this action on June 22, 2023. (See generally, Compl.) On September 12, 2023, Defendants filed the instant letter motion to dismiss. (DE [12].) The motion was filed by Defendant Devitt, proceeding pro se, on behalf of herself and Artisan. (Id.) On October 4, 2023, Plaintiff filed her response to the motion to dismiss. (DE [15].)

The Honorable Gary R. Brown[1] referred Defendants' motion to dismiss to the undersigned. (See Electronic Order dated 9/29/2023.)

III.     The Motion to Dismiss

Defendants move to dismiss all claims. Defendants first argue that the Court lacks personal jurisdiction asserting that: (1) Devitt is not a current New York resident; (2) the business has no physical address and is not located at 50 Hill Street, Southampton, NY; and (3) that no defendants can be found in this judicial district.

Defendants next contend that venue is improper and that there was insufficient service of process.

Finally, Defendants aver that Plaintiff has failed to state a claim upon which relief can be granted. Devitt argues that Plaintiff's copyright infringement claims is "disingenuous" and that she has been "falsely accused" of using Plaintiff's images on her company's website. (DE [12] at p.1.)

The Court now turns to the merits of the motion.

DISCUSSION

I.     Pro Se Defenants

---

[1] The Case was subsequently reassigned to the Honorable Nusrat Jahan Choudhury. (Order dated 10/13/2023.)

6

The Court is in receipt of the moving papers from pro se Defendant Devitt, filed September 12, 2023, seeking to dismiss Plaintiff's Complaint on several bases. (DE [12].) However, before proceeding, this Court notes that an entity must appear through licensed counsel. See Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007) (holding that "a sole member of a limited liability company must bear the burdens that accompany the benefits of the corporate form and may appear in federal court only through a licensed attorney"). As Defendant Devitt is an individually named defendant and is not an attorney, Devitt may represent herself individually, but may not move for dismissal on behalf of the business entity, Artisan L'uxe, LLC, or represent the entity in any way in this action.

In light of this, this Court recommends that Artisan L'uxe, LLC, be granted thirty (30) days from the date of the District Court's final determination on the instant Report and Recommendation, to obtain counsel. This Court further recommends that should Artisan L'uxe, LLC, fail to obtain counsel in the allotted time, that Plaintiff may then be granted leave to proceed with a default judgment against Artisan, in accord with the District Judge's individual rules.

The Court now turns to the merits of the motion, addressing the arguments that pertain solely to defendant Devitt.

II.   Legal Principles: Standards Applicable on Motions to Dismiss

A.   Rule 12(b)(2)

"A court facing challenges as to both its jurisdiction over a party and the sufficiency of any claims raised must first address the jurisdictional question." Cohen v. Facebook, Inc., 252 F. Supp. 3d 140, 148 (E.D.N.Y. 2017) (citing Arrowsmith v. United Press Int'l, 320 F.2d 219, 221 (2d Cir. 1963)); Mende v. Milestone Tech., Inc., 269 F.Supp.2d 246, 251 (S.D.N.Y.2003) (noting

that "[b]efore addressing Defendants' Rule 12(b)(6) motion to dismiss, the Court must first address the preliminary questions of service and personal jurisdiction").

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). To survive a motion to dismiss, a plaintiff need only provide "legally sufficient allegations of jurisdiction." Id. A plaintiff makes such a showing through "an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." Id. at 567 (quoting Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990)). Plaintiff's jurisdictional allegations "are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor[.]" Elsevier, Inc. v. Grossman, 77 F. Supp. 3d 331, 341 (S.D.N.Y. 2015) (quoting A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993)). This does not mean, however, that the court accepts as true "a legal conclusion couched as a factual allegation." Jazini v. Nissan Motor Co., 148 F.3d 181, 185 (2d Cir. 1998). Similarly, a court "cannot rely on a party's unsworn statements in his memorandum to defeat a motion to dismiss for lack of personal jurisdiction." Williams v. Connecticut, No. 15-CV-627 (VAB), 2016 WL 4472935, at *4 (D. Conn. Aug. 24, 2016) (collecting cases). Where a court does not hold an evidentiary hearing on the jurisdictional question, it may, nevertheless, consider matters outside the pleadings. Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 86 (2d Cir. 2013).

The requirement that a court have personal jurisdiction flows not from Art. III, but from the Due Process Clause.... It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S. Ct. 2099, 72 L. Ed.2d 492 (1982). "Federal courts

8

must satisfy three requirements in order to exercise personal jurisdiction over an entity: (1) the entity must have been properly served, (2) the court must have a statutory basis for exercising personal jurisdiction, and (3) the exercise of personal jurisdiction must comport with constitutional due process." FrontPoint Asian Event Driven Fund, L.P. v. Citibank, N.A., No. 16 CIV. 5263 (AKH), 2018 WL 4830087, at *6 (S.D.N.Y. Oct. 4, 2018).

"Due process permits a court to exercise personal jurisdiction over a non-resident where the maintenance of the suit would not 'offend traditional notions of fair play and substantial justice.'" Porina v. Marward Shipping Co., 521 F.3d 122, 127 (2d Cir. 2008) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (internal quotation omitted)). To determine whether exercising personal jurisdiction comports with due process, "we ask whether the defendant has sufficient minimum contacts with the forum to justify the court's exercise of personal jurisdiction." Id. "The constitutional minimum contacts inquiry for personal jurisdiction requires us to distinguish between two forms of jurisdiction." Id. "Specific jurisdiction is available when the cause of action sued upon arises out of the defendant's activities in a state. General jurisdiction, in contrast, permits a court to adjudicate any cause of action against the ... defendant, wherever arising, and whoever the plaintiff." Brown v. Lockheed Martin Corp., 814 F.3d 619, 624 (2d Cir. 2016). "If the defendant has sufficient minimum contacts, we proceed to the second stage of the due process inquiry, and consider whether the assertion of personal jurisdiction is reasonable under the circumstances of the particular case." Porina, 521 F.3d at 127 (quotation omitted).

1. Devitt

When evaluating Plaintiff's basis for asserting personal jurisdiction, that basis must satisfy the Due Process Clause. For purposes of specific jurisdiction, a court considers "the

9

totality of [a defendant's] contacts with the forum state." Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 164 (2d Cir. 2010). Moreover, defendants that "are separate entities ... are presumptively entitled to have independent existence," and a plaintiff must establish a basis for exercising personal jurisdiction over each defendant. Cenage Learning Inc. v. Buckeye Books, 531 F. Supp. 2d 596, 599 (S.D.N.Y. 2008) ("Lumping all the 'defendants' together for purposes of alleging connections to New York is ... patently insufficient.").

With respect to Devitt, the Complaint alleges that: (1) Devitt is an individual residing in the State of New York, (Compl. ¶ 4); (2) "Defendants have a physical presence in the State of New York and/or Defendants transact business in the State of New York", (id. ¶ 8); and (3) Artisan's website, Instagram Page, and Facebook Page "were readily accessible to the general public throughout New York, the United States, and the world." (Id. ¶ 23.)

Devitt maintains that she is not a resident of New York and that her business, Artisan, does not have a New York address. (DE [12].) Plaintiff avers that Devitt possesses an unexpired New York driver's license. (DE [15-2].) Plaintiff further contends that Artisan is a registered limited liability company with the New York Secretary of State, with an office located in Suffolk County, NY. (DE [15].)

As personal jurisdiction is an issue that must be settled before forging ahead in a litigation, the Court believes that the parties should be granted the opportunity to develop a full factual record in an effort to establish jurisdiction. Here, while Plaintiff has made a sufficient start toward establishing personal jurisdiction, additional information is necessary before proceeding.

"It is well settled under Second Circuit law that, even where plaintiff has not made a *prima facie* showing of personal jurisdiction, a court may still order discovery, in its discretion,

10

when it concludes that the plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record." Leon v. Shmukler, 992 F. Supp. 2d 179, 194 (E.D.N.Y. 2014). In this Circuit, jurisdictional discovery is permitted where a plaintiff has "made a sufficient start toward establishing personal jurisdiction," such that it appears there may be a colorable jurisdictional claim. Hollins v. U.S. Tennis Ass'n, 469 F. Supp. 2d 67, 70 (E.D.N.Y. 2006) (quotation omitted). The Court finds jurisdictional discovery is warranted here as to defendant Devitt.

It remains unclear from the submissions whether Devitt is a resident of New York and/or whether she has sufficient contacts with New York for this Court to exert its jurisdiction. See Texas Int'l Magnetics, Inc. v. BASF Aktiengesellschaft, 31 F. App'x 738, 739 (2d Cir. 2002) ("[P]laintiffs' jurisdictional allegations are neither sparse nor insufficiently specific; they are simply insufficiently developed at this time to permit judgment as to whether personal jurisdiction is appropriate."), and the allegations and submissions discussed above are neither sparse nor conclusory. "Based upon these and the other allegations in the [Amended C]omplaint, the Court concludes, in its discretion, that [P]laintiffs' contentions of personal jurisdiction are colorable and that they should have the opportunity to engage in limited discovery as to the jurisdictional questions." Leon, 992 F. Supp. 2d at 195.

Accordingly, this Court respectfully recommends that Devitt's motion to dismiss be denied without prejudice and with leave to renew after the completion of limited jurisdictional discovery, which shall be completed within thirty (30) days from the date of the District Court's final determination of the instant Report and Recommendation.

11

CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Devitt's motion to dismiss be denied without prejudice and with leave to renew after the completion of limited jurisdictional discovery. Additionally, this Court recommends that the limited jurisdictional discovery be completed in thirty (30) days from the date of the District Court's final determination of the instant Report and Recommendation. This Court further recommends that Artisan L'uxe, LLC, be granted thirty (30) days from the date of the District Court's final determination on the instant Report and Recommendation, to obtain counsel. Finally, this Court recommends that should Artisan L'uxe, LLC, fail to obtain counsel in the allotted time, that Plaintiff may then be granted leave to proceed with a default judgment against Artisan, in accord with the District Judge's individual rules.

OBJECTIONS

A copy of this Report and Recommendation is being provided to Plaintiff's counsel via ECF. Furthermore, the Court directs Plaintiff's counsel (1) to serve a copy of this Report and Recommendation by first class mail to the Defendants at their last known addresses, and (2) to file proof of service on ECF by June 3, 2024.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty.,

12

517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated: Central Islip, New York
       May 30, 2024

                                            /s/ Anne Y. Shields
                                            Anne Y. Shields
                                            United States Magistrate Judge