UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tamara Wareka p/k/a Tamara Williams,<br><br>                                    Plaintiff,<br><br>             -v-<br><br>Artisan L'uxe, LLC *et al.*,<br><br>                                    Defendants. | 2:23-cv-04671<br>(NJC) (AYS) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Tamara Wareka p/k/a Tamara Williams ("Wareka") filed this action against Defendant Artisan L'uxe, LLC ("Artisan") and Susan Devitt ("Devitt") (collectively, "Defendants") asserting claims for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*. (Compl., ECF No. 1.) On September 12, 2023, Devitt, proceeding pro se, filed a Motion to Dismiss. (Mot., ECF No. 12.) Judge Gary Brown, to whom this case was assigned before being transferred to this Court's docket, referred the Motion to Magistrate Judge Anne Y. Shields. (Elec. Order Sept. 29, 2023.) Judge Shields issued a Report and Recommendation (the "R&R") recommending that the Motion to Dismiss be denied without prejudice and with leave to renew after the completion of limited jurisdictional discovery. (R&R, ECF No. 18.)

A copy of the R&R was provided to all counsel and Defendants. (*See* Elec. Order, May 30, 2024; ECF No. 19.) The R&R instructed that any objections to the R&R must be submitted in writing to the Clerk of Court within fourteen (14) days, *i.e.*, by June 13, 2024. (R&R at 12.) Wareka filed objections on June 3, 2024. (ECF No. 20.) On June 27, 2024, Devitt filed a letter responding to Wareka's objections and arguing that the R&R's findings and conclusions are not

clearly erroneous or contrary to law. (ECF No. 21.) For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety, and denies Devitt's Motion to Dismiss without prejudice and with leave to renew after the completion of limited jurisdictional discovery.

In reviewing a report and recommendation concerning a Motion to Dismiss, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and may "accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). A district court, however, should review an R&R "for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Here, Wareka has filed timely objections. (ECF No. 20.) The objections rehearse the arguments Wareka originally made in opposition to the Motion to Dismiss. (*Compare* ECF No. 15 at 2 *with* ECF No. 20.) Wareka's objections also include a request, presented to the Court for the first time, that this Court transfer the action to the U.S. District Court for the Southern District of Florida, where Devitt was served, "[i]n the event that there is not currently a sufficient factual basis for personal jurisdiction over Devitt." (ECF No. 20 at 5.) To the extent that Wareka seeks to file a motion to transfer this case to another judicial district in lieu of the opportunity to pursue limited discovery into whether this Court has personal jurisdiction over Devitt, Wareka may file a request for a pre-motion conference concerning a motion to transfer venue in

2

compliance with the Court's Individual Rules. *See* Individual Rule 5.1. Because the objections to Judge Shields' findings and conclusions simply reiterate arguments from Wareka's opposition to the Motion to Dismiss, the clearly erroneous standard of review applies. *See Ortiz*, 558 F. Supp. 2d at 451.

 Having conducted a review of the motion papers and the applicable law, and having reviewed the R&R de novo, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly, the Court denies the Motion to Dismiss without prejudice and with leave to renew after the completion of limited jurisdictional discovery. The limited jurisdictional discovery shall be completed by August 11, 2024, and is respectfully referred to Magistrate Judge Shields to oversee.

 This Court further finds that Artisan must obtain counsel by August 10, 2024 or it will be considered in default. A corporate defendant is prohibited from appearing in federal court without representation by a licensed attorney. *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007); *Rowland v. California Mens Coloney*, 506 U.S. 194, 202–03 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Should Artisan fail to obtain counsel in the allotted time, Wareka will be granted leave to move for default judgment against Artisan.

Dated: Central Islip, New York
July 10, 2024

               */s/ Nusrat J. Choudhury*
               NUSRAT J. CHOUDHURY
               United States District Judge

3